IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BIG EASY STUDIOS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-879C |
| v. | ) | Judge Firestone |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests the Court to issue a protective order in the form attached as Exhibit A.   Plaintiff Big Easy Studios, LLC (Big Easy) objects to this proposed form of order in two respects of which we are aware, and Big Easy's counsel has directed us to inform the Court in this filing that "it took one month for NASA to reject [his] comments.  [He] will handle the reply but NASA has shown a pattern of conduct in running out the clocks and is hiding something under the veil of this order and is intentionally making it difficult to get to a logical set of documents.  The judge will see right through [t]his."  Exhibit B at 2.

The Government has proposed that the parties use this Court's standard form of protective order (Form 8), adapted slightly from the bid protest context primarily to allow for the use of protected information with witnesses during deposition and trial.  Exhibit A.  Although we expected that the adoption of this order would be uncontroversial, we understand that Big Easy objects because, in Big Easy's view, the order (1) "needs to have language added that the party designating has an obligation to verify the information labeled is in fact of the type intended to be protected[,] and if there is evidence of a blatant overuse of the designation then the party so doing can be charged with the extra handling cost of same and for the cost of removal[;]" and

(2) "need[s] to be clear that the [protected information] is disclosed automatically to the parties and we don't have to go through these application steps to get it."  Exhibit B at 4.

Big Easy's first proposed change is unnecessary because existing Court procedures are sufficient to address any abuse of the designation process in the unlikely event that it occurs.  Big Easy's second change, however, is unacceptable because it vitiates the entire purpose of the protective order.

Big Easy's filings make clear that Big Easy has a continuing desire to use space at Michoud Assembly Facility (Michoud), and it is reasonable to assume that the company may compete for space at that location in the future.  Big Easy's proposed protective order amendment would grant individuals directly involved with competitive decisionmaking automatic access to the agency's competition-sensitive information, while denying the Government any right to object.  This situation is the precise circumstance that this Court's standard form protective order is designed to prevent.

The United States Court of Appeals for the Federal Circuit has recognized that, when an individual is "involved in competitive decisionmaking, it may well be that a party seeking access should be forced to retain outside [assistance] or be denied the access recognized as needed." *U.S. Steel Corp. v. United States*, 730 F.3d 1465, 1468 (Fed. Cir. 1984) (addressing role of in-house counsel).  As a result, this Court's applications for access filed by counsel and experts require individuals to certify that they are "not involved in competitive decision making" before they are given access to protected materials.  Through the years, thousands of counsel and experts have followed these exact procedures without incident, and there is no reason Big Easy's outside counsel and expert cannot do so in this case.

To the extent that Big Easy seeks access to protected information for its employees, this Court does not typically allow review of protected information by company personnel due to the possibility that access to confidential information may result in an unfair advantage in future commercial activity. *See Hitkansut LLC v. United States*, 111 Fed. Cl. 228, 239 (2013). This risk would not be diminished by employees' promises not to use the information in the future, because, as this Court has recognized, "[e]ven accepting that [an employee] would make a conscious and sustained effort to comply with the terms of the protective order, the fallibility of the human brain is paramount. It is simply impossible for a human being to segregate, or 'unlearn,' certain pieces of knowledge." *Id*. There is no reason to revisit these considerations in this case. Accordingly, we respectfully request the Court to enter the form of protective order set forth as Exhibit A, without the changes that Big Easy has proposed. Once the Court resolves the parties' dispute over the form of the protective order that will govern the exchange of information, the Government can produce protected agency-specific information,[1] consisting of approximately 500 documents, without delay.

---

[1] The entry of this proposed form or protective order will not, by itself, resolve a separate dispute between the parties regarding Big Easy's requests in discovery that the Government produce *third-party* proprietary information relating to other tenants in the NASA's Michoud facility. Absent circumstances not present in this case, including a court order compelling production, the Trade Secrets Act prohibits the Government from releasing "information concern[ing] or relat[ing] to the trade secrets, processes, operations, style of work, or to the identity, confidential statistical data, amount or source of any income, profits, losses or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined . . . ." 18 U.S.C. § 1905. The entry of a protective order, as the Government requests, governs the parties' obligations to safeguard protected information once it is produced, but it is not authorization for the Government to produce third party proprietary information in the first instance. Accordingly, it has always been incumbent upon Big Easy to justify its need for such information and to obtain appropriate authorization for its production from the Court. Big Easy has never attempted to do so, up to and including the present date.

Contrary to Big Easy's assertions, the Government has continued to advance discovery in good faith. The Government served its responses to Big Easy's interrogatories on June 22, 2018. Government counsel has also largely completed review of the newly collected and uploaded emails of document custodians identified by Big Easy, and plans to make an additional production shortly. NASA and the Department of Justice's document processing lab have continued to work together to attempt to resolve continuing technical difficulties with the Government's production. Finally, to the extent that Big Easy's counsel complains that "it took one month for NASA to reject [his] comments" on the draft protective order, Exhibit B, materials that need to be subject to protective order – including proprietary information, if Big Easy justifies its production – have already been coded and can be produced in short order. These are not acts that seek to delay the case or to hide relevant information from Big Easy, as plaintiff's counsel seeks to suggest. Indeed, the exact opposite is true.

For all of the foregoing reasons, therefore, we respectfully request that the Court enter the proposed form of protective order attached as Exhibit A, allowing the Government to promptly release any agency-specific protected information that is responsive to Big Easy's various requests. If Big Easy desires further relief, including an order providing for the release of third party proprietary information, it is incumbent upon Big Easy to seek it.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Reginald T. Blades, Jr. by
s/ Franklin E. White, Jr.
REGINALD T. BLADES, JR.
Assistant Director

4

OF COUNSEL:

JAMES R. FREES
Office of the Chief Counsel
National Aeronautics & Space Administration
Marshall Space Flight Center
Mail Code LS01
Marshall Space Flight Center, AL  35812
Tel: (256) 544-0017

JOHN KRISTOPHER WHITE
Office of the Chief Counsel
National Aeronautics & Space Administration
Marshall Space Flight Center
Mail Code LS01
Marshall Space Flight Center, AL  35812
Tel: (256) 544-0035

s/ A. Bondurant Eley
A. BONDURANT ELEY
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20530
Tel:  (202) 616-8254
Fax: (202) 514-7965

Attorneys for Defendant

July 25, 2018

# EXHIBIT A

## Eley, Bondurant (CIV)

| | |
|---|---|
| **From:** | Eley, Bondurant (CIV) |
| **Sent:** | Thursday, May 24, 2018 12:47 PM |
| **To:** | John Scialdone; David Ross - RLF |
| **Subject:** | Proposed Form of Protective Order |
| **Attachments:** | Draft Protective Order.docx |

David and John—

As I mentioned in my last email, here is a proposed form of protective order to govern the exchange of confidential information in this litigation.  Please let me know if it's ok with you.  It is adapted from the standard form of order that the Court of Federal Claims routinely enters in our bid protest cases, adapted, among other things, to specifically address the use of protected information during deposition

Thanks.

Bondurant

A. Bondurant Eley
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
P.O. Box. 480 Ben Franklin Station
Washington, D.C. 20044
(202) 616-8254
(202) 514-7965 (fax)

1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BIG EASY STUDIOS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17-879C |
| v. | ) Judge Firestone |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

PROTECTIVE ORDER

The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1.  Protected Information Defined.  "Protected information" as used in this order means information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information contained in:
    (a)  any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or
    (b)  any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2.  Restrictions on the Use of Protected Information. A party may use the other party's Protected Information solely for the purposes of this litigation and may not give, show, make available, discuss, or otherwise convey that Protected Information in any form except as provided herein or as otherwise required by Federal law.  Nothing in this protective order shall restrict a party's use of its own protected information or prevent a party from disclosing its own protected information to any person.

II.

3.  Individuals Permitted Access to Protected Information. Except as provided in paragraphs 7 and 8 below, the only individuals who may be given access to protected information are: (1) counsel for a party and independent consultants, (2) experts assisting such counsel in connection with this litigation, and (3) any person permitted to have access by order of the court.  In addition, Protected Information may be disclosed to witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for, depositions or trial testimony in this action while in the presence of counsel for a party, provided that the witnesses or deponents shall not be permitted

to copy or retain Protected Information.

4.    <u>Applying for Access to Protected Information.</u>  An individual seeking access to protected information pursuant to Appendix C, Section VI of this court's rules must read this Protective Order; must complete the appropriate application form (Form 9—"Application for Access to Information Under Protective Order by Outside or Inside Counsel," or Form 10—"Application for Access to Information Under Protective Order by Expert Consultant or Witness"); and must file the executed application with the court.

5.    <u>Objecting to an Application for Admission.</u> Any objection to an application for access must be filed with the court within two (2) business days of the objecting party's receipt of the application.

6.    <u>Receiving Access to Protected Information.</u> If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to protected information without further action by the court. If any party files an objection to an application, access will only be granted by court order.

7.    <u>Access to Protected Information by Court, Department of Justice, and Agency Personnel.</u> Personnel of the court, the procuring agency, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

8.    <u>Access to Protected Information by Support Personnel.</u> Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information by such counsel if those personnel have first been informed by counsel of theobligations imposed by this Protective Order.

III.

9.    <u>Identifying Protected Information.</u> Protected information may be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:

    (a)    if provided in electronic form, the subject line of the electronic transmission shall read **"CONTAINS PROTECTED INFORMATION"**; or

    (b)    if provided in paper form, the document must be sealed in a parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously marked on the outside.

The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating **"Protected Information to Be Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order"** and the portions of any document containing protected information must be clearly identified.

2

10.    Filing Protected Information. Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the **"SEALED"** documents menu. If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 9(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

11.    Protecting Documents Not Previously Sealed. If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

IV.

12.    Redacting Protected Documents For the Public Record.
       (a)    Initial Redactions. After filing a document containing protected information in accordance with paragraph 10, or after later sealing a document pursuant to paragraph 11, a party must promptly serve on the other parties a proposed redacted version marked **"Proposed Redacted Version"** in the upper right-hand corner of the first page with the claimed protected information deleted.
       (b)    Additional Redactions. If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked **"Agreed-Upon Redacted Version"** in the upper right-hand corner of the page with the additional information deleted.
       (c)    Final Version. At the expiration of the period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court the final redacted version of the document clearly marked **"Redacted Version"** in the upper right-hand corner of the first page. This document will be available to the public.
       (d)    Objecting to Redactions. Any party at any time may object to another party's designation of certain information as protected. If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the court for resolution. Until the court resolves the matter, the disputed information must be treated as protected.

V.

13.    Copying Protected Information.  No party, other than the United States, may for its own use make more than three (3) copies of a protected document received from another party, except with the consent of all other parties. A party may make additional copies of such documents, however, for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information into its own

3

documents or pleadings. All copies of such documents must be clearly labeled in the manner required by paragraph 9.

14.    Waiving Protection of Information. A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the court and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

15.    Safeguarding Protected Information. Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

16.    Breach of the Protective Order. If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order. The parties must reasonably cooperate in determining the reasons for any such breach.

17.    Seeking Relief From the Protective Order. Nothing contained in this order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

VI.

18.    Maintaining Filed Documents Under Seal. The court will maintain properly marked protected documents under seal throughout this litigation.

19.    Retaining Protected Information.  After the Termination of Litigation. Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the court under seal will be retained by the court pursuant to RCFC 77.3(c). Copies of such materials may be returned by the court to the filing parties for disposition in accordance with paragraph 20 of this Protective Order.

20.    Disposing of Protected Information. Within thirty (30) days after the conclusion of this action (including any appeals and remands), each party must destroy all protected information received pursuant to this litigation and certify in writing to each other party that such destruction has occurred or must return the protected information to the parties from which the information was received. With respect to protected electronically stored information (ESI) stored on counsel's computer network(s), destruction of such ESI for purposes of compliance with this paragraph shall be complete when counsel takes reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while

4

working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control. Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems. Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

IT IS SO ORDERED.

_____
Firestone, J.

5

# EXHIBIT B

**Eley, Bondurant (CIV)**

| | |
|---|---|
| **From:** | John Scialdone <Jscialdone@slfirmus.com> |
| **Sent:** | Thursday, July 12, 2018 8:00 PM |
| **To:** | Eley, Bondurant (CIV); David Ross - RLF; John Piccione |
| **Subject:** | RE: Big Easy Outstanding Items |

Here are my areas of inquiry :

The contracts with BES .

The statements made by NASA in the Answers to Interrogatories ; specifically the claim that the +$2M investment made into its property was done only to facilitate the business  objectives of the SAA in place and not for or in response to  any type of long term commitment from NASA .

Who at NASA  authorized that  answer , and who signed off on this statement as  being true ,  and what information that person had at their disposal when  that position was taken .

The factual basis for  NASA's answers to interrogatories  .

The decision to change objectives and future plans for  BES by NASA ,  as expressed in their correspondence to BES after the 2nd SAA and after the improvements were made to NASA property  .

The selection process for buildings and locations to be used by  BES

The history of the parties contractual relationship , including how they came to initial discussions , how they entered into their first agreements , the terms of that agreement , the terms of the subsequent agreements and the performance of BES and NASA under those agreements .

Presentations made by NASA personnel to BES  about the development of sound stages at NASA properties .

The investment by BES into NASA property , including why it was done , what was done , where it was done and who did the approvals for same .

The  factual  support for the NASA counter claim

The factual support for NASA defenses

The authority  of NASA personnel  at Michaud and the authority of the signatories  to the BES agreements with NASA  .

The  performance of BES under the parties agreements .

NASA publications about the BES project .

NASA internal communications about the  BES contracts and the BES investment in permanent  property  improvements .

The impact of BES on the creation of local jobs and the preservation of NASA jobs  .

The impact on jobs in the local community following the departure of BES from NASA

The use of the improved property in the 3 years before BES invested in same , the use after , and the use after BES departed NASA .

Communications with the inspector general about BES and communications with any other party regarding competing sound stages in Louisiana and inquiries related to same .

---

As to the protective order , why haven't you told me this position before ? One month has gone by . Please file the motion but inform the court it took one month for NASA to reject my comments . I'll handle our position in the reply but NASA has shown a pattern of conduct in running out the clocks and is hiding something under the veil of this order and is intentionally making it difficult to get to a logical set of documents . The judge will see right through his .

As soon as we have agreed dates for NASA to appear for a deposition I will secure dates for our personnel .

**John A. Scialdone**
SCIALDONE LAW FIRM, PLLC
1319 24th Avenue (39501)
P.O. Box 4080
Gulfport, MS 39502

400 Poydras Street, Suite 1680
New Orleans, LA 70130

Tel: (228) 822-9340
Fax: (228) 822-9343
E-mail: jscialdone@slfirmus.com



**From:** Eley, Bondurant (CIV) <Bondurant.Eley@usdoj.gov>
**Sent:** Thursday, July 12, 2018 4:29 PM
**To:** John Scialdone <Jscialdone@slfirmus.com>; David Ross - RLF <David@RossLawFirm.com>; John Piccione <jpiccione@slfirmus.com>
**Subject:** RE: Big Easy Outstanding Items

I apologize for not having gotten back to you sooner. Unfortunately, I cannot agree to your proposed changes to the draft protective order. If there is an abuse of the designation (which there has not been, at least on my end), court procedures and remedies are entirely sufficient to address that, so there is no need for anything additional in the order. More seriously, however, I also cannot agree that protected information should be automatically disclosed to the

parties.  Big Easy may well compete for NASA space at a later date; its principals should not be permitted to see information that would provide an edge in future competitions.  That is the same reason that the standard protective order used in the Court of Federal Claims requires lawyers and experts to certify that they are not involved in competitive decisionmaking.  There doesn't seem to be any reason to revisit that here.  If you like, I can move for the protective order, indicate that you disagree on the two points mentioned in your email, and let the Court decide, so that we can keep things moving.  Please let me know.

Also please recall, per my earlier letter, that, even if we have a protective order in place, that does not permit me to release other companies' financial information to you.  Since I have not heard back from you with respect to my letter, and since you have not filed anything with the Court, am I to assume that you are abandoning your request for such information?

As for dates for a deposition of NASA, I'm happy to work with you on that, provided that you send me a list of topics.  I need to identify possible witnesses and locations, depending on what you're asking.  I also would like to attempt to schedule the depositions of Mr. Lathan, Mr. Gains, Mr. Barnicle and Ms. Bandari.  Ideally, I would like to conduct the depositions the week of July 30-August 3, wherever, the witnesses are located.  Please advise me whether these dates work for you, David and the witnesses.

Thanks.

Bondurant

A. Bondurant Eley
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
P.O. Box. 480 Ben Franklin Station
Washington, D.C. 20044
(202) 616-8254
(202) 514-7965 (fax)

**From:** John Scialdone [mailto:Jscialdone@slfirmus.com]
**Sent:** Thursday, July 12, 2018 4:27 PM
**To:** Eley, Bondurant (CIV) <BEley@civ.usdoj.gov>; David Ross - RLF <David@RossLawFirm.com>; John Piccione <jpiccione@slfirmus.com>
**Subject:** RE: Big Easy Outstanding Items

Bondurant ,  has this been done ?

Can you send a draft if it hasn't ?

We also need dates for a   deposition of NASA  .

Thanks  John

**John A. Scialdone**
SCIALDONE LAW FIRM, PLLC

**From:** John Scialdone
**Sent:** Friday, June 15, 2018 8:37 PM
**To:** Eley, Bondurant (CIV) <Bondurant.Eley@usdoj.gov>; David Ross - RLF <David@RossLawFirm.com>
**Subject:** RE: Big Easy Outstanding Items

No objection to the motion provided it explains the reason .

The Protective order needs to have language added that the party designating has an obligation to verify the information labeled is  in fact of the type intended to be protected , and if there is evidence of a blatant overuse of the designation then the party so doing can be charged with the extra handling cost of same and for the cost of removal .

It also need to be clear that the PI is disclosed automatically  to the parties and we don't have to go through these application steps to  get it .

## John A. Scialdone



**From:** Eley, Bondurant (CIV) <Bondurant.Eley@usdoj.gov>
**Sent:** Thursday, June 14, 2018 4:24 PM
**To:** John Scialdone <Jscialdone@slfirmus.com>; David Ross - RLF <David@RossLawFirm.com>
**Subject:** Big Easy Outstanding Items

David and John—

I want to touch base to round out a number of outstanding issues.  First, our responses to interrogatories.  Jim Frees, who has been shepherding these through at the agency level, emailed me yesterday afternoon to inform me that he has had a family medical emergency.  He is out of the office today, which means that we will not be in a position to finalize our interrogatory responses as planned.  I recognize that this is very frustrating to you, and I apologize for the inconvenience.

In the meantime, I intend to file two motions: (1) moving for a 60-day enlargement of time to complete fact discovery, for the reasons I outlined to you in my email of several days ago, and (2) seeking entry of the form of protective order I also shared with you some time ago.  Could you please shoot me a quick email and advise me what your position is on these items so that I can put that in my filings?

Thanks.

Bondurant

A. Bondurant Eley
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
P.O. Box. 480 Ben Franklin Station
Washington, D.C. 20044
(202) 616-8254
(202) 514-7965 (fax)

4

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and/or other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipient(s) is prohibited and may be unlawful. If you are not the intended recipient(s), you must delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission, or by calling Scialdone Law Firm at (228) 822-9340. Unless expressly stated in this email, nothing in this message should be construed as a digital or electronic signature. Thank you for your cooperation.
CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and/or other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipient(s) is prohibited and may be unlawful. If you are not the intended recipient(s), you must delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission, or by calling Scialdone Law Firm at (228) 822-9340. Unless expressly stated in this email, nothing in this message should be construed as a digital or electronic signature. Thank you for your cooperation.